IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                            Case No. 2:19-cr-20039

CECIL W. GABY                                                                               DEFENDANT

## ORDER

Before the Court is a Report and Recommendation filed on October 27, 2025, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 71). Defendant has filed objections. The Court finds the matter ripe for consideration.

### I. BACKGROUND

On December 18, 2019, Defendant Cecil W. Gaby waived indictment and consented to prosecution by Information. (ECF No. 1). Defendant, a former doctor, was charged with one count of Distributing a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), and 21 C.F.R. § 1306.04. (ECF No. 2). On the same date, and pursuant to a written Plea Agreement (ECF No. 5), Defendant pled guilty as charged in the Information. (ECF No. 4). On May 27, 2021, the Court[1] sentenced Defendant to 120 total months of imprisonment followed by 3 total years of supervised release and ordered him to pay a $100 special assessment. (ECF No. 24).

On August 19, 2024, Defendant, acting pro se, filed a motion requesting compassionate release based on his medical condition and need for immediate treatment. (ECF No. 52). Defendant explains that he was diagnosed with metastatic prostate cancer and that he suffers from

---

[1] The Honorable P. K. Holmes III presided over this case at the time.

chronic heart disease, medical conditions due to a stroke, and near-legal deafness. Defendant further explains that he has been transferred to the Federal Medical Center in Fort Worth, Texas, for cancer treatment, but that the treatment he needs is beyond the measures the BOP is willing or able to provide. Defendant requests that he be released to receive private medical care at the Cancer Center in Spokane, Washington.

On December 26, 2024, Defendant filed a supplemental motion through his court-appointed counsel. (ECF No. 58). In his supplemental motion, Defendant requests the reduction of his sentence pursuant to Section 603 of the First Step Act of 2018 ("FSA"), and pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) because of his age[2] and serious medical conditions. On August 1, 2025, the government filed a response in opposition to both of Defendant's motions. (ECF No. 69). The government argues that the BOP medical facility to which Defendant was transferred has successfully treated his cancer, which is now in remission. The government also asserts that the BOP medical facility is actively treating Defendant's preexisting heart conditions.

On October 27, 2025, Judge Ford conducted a review of Defendant's motions and recommends that both motions be denied. (ECF No. 71). Specifically, Judge Ford found that: (1) Defendant's request for compassionate release sufficiently triggered and satisfied the 30-day exhaustion period under 18 U.S.C. § 3582(c)(1)(A); (2) Defendant does not have an "extraordinary or compelling reason" for sentence reduction under U.S.S.G. § 1B1.13(b)(1)(B) because Defendant's health records reflect that his cancer is in remission and that he can provide self-care; and (3) Defendant's cancer does not qualify as a medical condition requiring long-term or specialized medical care under U.S.S.G. § 1B1.13(b)(1)(C) because his cancer went into remission under the care of BOP and because Defendant's history of heart disease is not an "extraordinary

---

[2] Defendant is currently 75 years old. *See Find an inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 24, 2026).

or compelling" reason warranting early release. On November 7, 2025, Defendant filed timely objections through his counsel. (ECF No. 72).

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). "When conducting a *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citations omitted). Alternatively, if the party does not timely and specifically object to the report and recommendation, the Court reviews that report and recommendation for clear error. *See Raper v. Maxwell*, No. 4:21-cv-4067, 2022 WL 1978690, at *2 (W.D. Ark. June 6, 2022); *see also Jackson v. Payne*, No. 6:19-cv-6049, 2022 WL 1721457, at *11 (W.D. Ark. May 27, 2022) (reviewing objections that were not specific under the clear error standard).

The Court finds that Defendant's objections are not specific enough to trigger *de novo* review.  Defendant acknowledges that his medical conditions have improved and that his cancer is in remission but reasserts that he would receive more advanced oncologic care in the private sector.  (ECF No. 72, at 2).  Defendant also reasserts that he has an extensive medical history and that his health will continue to decline due to his age.  Finally, Defendant reasserts that his release will not undermine the goal of general deterrence or subject the public to any risk due to his age and to the fact that he has surrendered his medical license.  (ECF No. 72, at 3).  Since Judge Ford has already considered and rejected these arguments in his Report and Recommendation, the Court reviews Judge Ford's findings and recommendations for clear error.  *See Jackson*, 2022 WL 1721457, at *11 (reviewing a report and recommendation for clear error when a petitioner's objections repeated contentions that the magistrate judge had already considered).  Upon review, the Court sees no clear error with respect to Judge Ford's recommendations and will adopt them.

### III.  CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 71) should be and hereby is **ADOPTED**.  Defendant's Motions to Reduce Sentence (ECF No. 52 & 58) are hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 10th day of March, 2026.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge